UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNEST CALVINO, JR.,

Plaintiff,

-against-

MAIN CHANCE,

Defendant.

20-CV-346 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action against a nonprofit center serving homeless

individuals. He alleges that Defendant changed the times when it provides meals and "denied

him the opportunity to stay" at the center. By order dated January 15, 2020, the Court granted

Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

---

[1] Plaintiff has filed approximately 45 actions within the past month, many of which have
been dismissed as frivolous. Because of this abuse of the privilege of proceeding *in forma
pauperis* (IFP), the Court has directed Plaintiff to show cause why he should not be barred from
filing new actions IFP without first obtaining leave of court. *See Calvino v. L.*, ECF 1:19-CV-
11958 (S.D.N.Y. Jan. 10, 2020).

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this complaint invoking the Court's federal question jurisdiction and asserting claims for "conspiracy of discrimination, conspiracy of scam." (ECF 2, at 2.) He names as the sole Defendant Main Chance, a non-profit drop-in center for homeless individuals.

Plaintiff alleges that "they don't like me because I was staying there in 2017 and I never le[t] [them] disrespect me without a confrontation. [S]ince that time, they ha[ve] discriminated [against] m[e]." (*Id.* at 5.)

Plaintiff has "been more tha[n] a few times to this drop in center to stay and eat and more tha[n] a few times [he has] been disreprected." The center "ha[s] change[d] meal hours" or "denied [him the opportunity to] stay." (*Id.*) Plaintiff seeks damages.

## DISCUSSION

Because Plaintiff invokes federal law, the Court construes this action as asserting claims under Title II of the Civil Rights Act of 1964 or under 42 U.S.C. § 1983.

### A.     Discrimination in Public Accommodations

Title II of the Civil Rights Act of 1964 prohibits places of public accommodation that affect interstate commerce from discriminating on the basis of race, color, religion, or national origin. The statute provides, in relevant part, that:

> [a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a).

Plaintiff alleges that his claims involve a "conspiracy of discrimination, conspiracy of scam" at the drop-in center for homeless individuals. (ECF 2, at 2.) He does not plead any facts, however, about his race, color, religion, or national origin, or plead any facts suggesting that the "disrespect" or "discrimination" that he experienced at the homeless center was based on his membership in such a group.

Instead, Plaintiff alleges that he "was staying [at Main Chance] in 2017 and [he] never le[t] [them] disrespect [him] without a confrontation. [S]ince that time, they ha[ve] discriminated [against him]." (*Id.* at 5.) In other words, he alleges that Defendants treated him differently because of his "confrontations" at the center (with staff or other patrons, it is not clear which) in 2017. These allegations, which do not plead facts showing discrimination based on Plaintiff's race color, religion, or national origin, do not state a claim that Defendant Main Chance discriminated against Plaintiff in violation of 42 U.S.C. § 2000a(a).

**B.      Claims under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

A private entity's activity can be attributed to the state in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The fundamental question under each test is whether the private entity's challenged actions are "fairly attributable" to the state. *Id.* (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

Plaintiff makes no allegation that the nonprofit agency Main Chance was acting under color of state law in providing meals and other social services. *See, e.g., George v. Pathways to Housing, Inc.*, No. 10-CV-9505 (ER), 2012 WL 2512964, at *4 (S.D.N.Y. June 29, 2012) ("It is well established that the provision of low-cost supportive housing is not a 'public function.'"). Moreover, neither government funding nor government regulation suffices for a private entity to be deemed a state actor. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *Kohn*, 457 U.S. at 838 (the crucial issue is not the relationship between the government entity and the private actor but rather the relationship between the government and the challenged *action* taken by the private actor). Because Defendant is a private entity not alleged to have been acting under color of state law, Plaintiff has not stated a claim under § 1983 against the Defendant.[2]

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

---

[2] Even if Defendant were a state actor, Plaintiff's allegations – for example, that Defendant changed the time when it served meals – do not state a claim for a violation of his constitutional rights.

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines, under 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction over any state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  January 27, 2020
        New York, New York

_____
        COLLEEN McMAHON
    Chief United States District Judge